WILLIAM TAYLOR, ANNIE TAYLOR, BENNIE TAYLOR, JAMES TAYLOR and ISIAH TAYLOR, Infants, by ANNIE WELLS, Their Next Friend and Guardian, v. SUPERIOR OXY-ACETYLENE COMPANY, a Corporation, Appellant.—73 S. W. (2d) 186.

Division One, June 12, 1934.*

*Wayne Ely* and *Tom Ely* for appellant.

*NOTE: Opinion filed at September Term, 1933, March 14, 1934; motion for rehearing filed; motion overruled April 19, 1934; motion to transfer to Court en Banc filed; motion overruled at May Term, June 12, 1934.

*Everett Hullverson* and *Staunton E. Boudreau* for respondents.

GANTT, J.—Action to recover for the death of Eli Taylor, father of the plaintiffs. He was riding in a truck which collided with another truck at the intersection of Kingshighway and Farlin Avenue in the city of St. Louis. The petition alleged seven charges of primary negligence, including excessive speed, and a charge of negligence under the humanitarian rule. Plaintiffs abandoned the charges of primary negligence and the case was submitted under the humanitarian rule by an instruction directing the jury, in substance, that if defendant could have stopped or slackened the speed or swerved or sounded a warning, thereby avoiding the collision and failed to do so, the verdict should be for the plaintiffs. Judgment for $10,000, and defendant appealed.

Farlin Avenue is twenty-six feet, three inches wide and runs east and west. Kingshighway is one hundred eighteen feet, four inches wide and runs north and south. In the center of said highway is a parkway sixty-four feet wide, on either side of which is a driveway twenty-seven feet, two inches wide. The east side driveway is exclusively for northbound traffic, and the west side driveway is exclusively for southbound traffic. In intersecting Kingshighway, Farlin Avenue passes through the parkway in said highway. The corners

of the lots at the intersection are rounded, and the corners of the divided parkway at the intersection are also rounded.

On the day in question the father of plaintiffs was riding on the right side of the driver's seat of an empty one-ton Ford truck owned and driven by Walter L. Richardson. It was being driven south on the west side of Kingshighway and from a point north of the intersection of Kingshighway and Farlin Avenue. At the time an employee of defendant was driving a loaded two and one-half ton Reo truck north on the east side of Kingshighway, intending to drive northward through the intersection. At the intersection the Ford, moving at fifteen miles an hour, turned east on Farlin Avenue. It proceeded eastward between the divided parkway, and at a point midway between the sides of the parkway was moving five miles an hour. The driver of the Reo saw the Ford turn onto Farlin Avenue and move eastward to the point midway between the sides of the parkway. At the time the driver of the Ford was midway between the sides of the parkway he saw the Reo truck one hundred to one hundred twenty-five feet south of the south curb line of Farlin Avenue. It was then moving northward, at twenty to twenty-five miles an hour, in the center of the street on the east side of Kingshighway. After reducing the speed to five miles an hour at a point midway between the sides of the parkway, the driver of the Ford proceeded to and did increase the speed from five to fifteen miles an hour as the Ford, then five feet from the south curb line of Farlin Avenue, moved directly eastward into the east side intersection of Kingshighway and Farlin Avenue. The driver of the Ford did not again notice the approaching Reo until the Ford reached a point near the center of the northbound part of Kingshighway. At that time a noise caused the driver of the Ford to look backward. On doing so he saw the Reo approaching and within eighteen or twenty feet of the Ford. The Reo was then moving at thirty to thirty-five miles an hour. In an effort to avoid a collision the driver of the Reo applied the brakes and swerved to the right. It was the application of said brakes that caused the noise attracting the attention of the driver of the Ford. The effort of the driver of the Reo to avoid a collision was unsuccessful. The trucks collided near the southeast corner of the intersection. The left front fender of the Reo struck the Ford at the driver's seat, knocking the father of plaintiffs out of the Ford and onto the street, thereby causing his death. The collision also knocked the Ford north fifty feet and onto a lawn, four or five feet high, at the northeast corner of the intersection. It also jarred three acetylene tanks from the Reo onto the Ford. The Reo continued eastward on Farlin Avenue and was stopped seventy-five or eighty feet east of the east curb line of Kingshighway.

■ ■ Defendant challenges the instruction on the measure of

damages for the reason it authorized a consideration of "aggravating circumstances" in fixing the amount of damages. The instruction follows:

"The Court instructs the jury, that if you find in favor of the plaintiffs, you will assess their damages, if any, at such sum as you may deem fair and just, with reference to the necessary injury resulting to plaintiffs from said death, and also having regard to the mitigating or aggravating circumstances, if any, attending the neglect or default, if any, of defendant, not exceeding, however, the sum of ten thousand ($10,000.00) dollars."

Plaintiffs contend that the speed of the Reo authorized a finding of "aggravating circumstances." Under the humanitarian rule the issues must be determined from evidence tending to show the conduct of defendant at the time and after the "peril arose." The instruction did not so limit the jury on the issue of "aggravating circumstances." The driver of the Ford and the father of plaintiffs were not in peril when the Ford was midway between the sides of the parkway. Its speed had been reduced to five miles an hour. There is no evidence tending to show when the driver increased the speed of the Reo to thirty or thirty-five miles an hour. He may have done so at the time the speed of the Ford was reduced to five miles an hour when midway between the sides of the parkway. If so, the speed of the Reo was not increased at the time or after the "peril arose." Furthermore, the instruction invited a consideration of primary negligence (excessive speed) as a part of the humanitarian rule. The record shows that the attorney for plaintiffs argued as follows: "You can see, gentlemen, the reason this accident happened, because this man (driver of the Reo) was operating, like they all do, at a terrific rate of speed down that boulevard, regardless——." On motion of defendant the court instructed the jury to disregard the argument. Even so, the argument indicated to the jury the view of plaintiffs on the issues for consideration under the humanitarian rule.

The instruction was erroneous and prejudicial. It is unnecessary to consider other objections to the instruction.

The judgment should be reversed and the cause remanded. It is so ordered. All concur, except *Hays, J.,* absent.